IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABLE EVENTS,

And

JONATHAN KENDRICK,

       Plaintiffs,

vs.                            CASE NO. 16-2025-CA-004675

ROCKET BALL, LTD d/b/a THE
HOUSTON ROCKETS AND
CLUTCH CITY SPORTS &
ENTERTAINMENT L.P., TILMAN
FERTITTA, PATRICK FERTITTA,
JASON MILLER, THADDEUS
BROWN, JAMES KRAMER,
ROCCO MAGNI, AND SUSMAN
GODFREY LLP,

       Defendants.
_____/

To:    The Honorable Judges of the United States District Court for the
Middle District of Florida

PLEASE TAKE NOTICE that Defendants, Rocco Magni and Susman Godfrey LLP ("Susman Defendants"), by filing this Notice of Removal and related papers, remove this action from the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to Fed. R. Civ. P. 81 and 28 U.S.C. §§ 1331, 1441 and 1446. In support of this removal, the Susman Defendants state as follows:

1.      Plaintiffs, Able Events and Jonathan Kendrick ("Plaintiffs") filed this action in the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, on or about July 31, 2025.  The case is related to Case No.3:24-cv-879-WBY-PDB, which is already pending before this Court.

2.      On August 14, 2025, the office of counsel for the Plaintiffs forwarded a copy of the complaint directly to Defendant Rocco Magni and asked if Defendant Magni would accept service.  Defendant Magni agreed to execute a waiver of service if one was provided; however, to date, Plaintiffs have not provided waiver of service forms to Defendant Magni or Defendant Susman Godrey LLP.  In addition, to date, and as reflected on the state court's docket, Plaintiffs have not filed proofs of service as to any of the defendants, and upon information and belief, no defendant has been served.  In an abundance of caution, the Susman Defendants have removed this action within thirty days of Defendant Magni's informal receipt of the complaint by email on August 14, 2025.

3.      Attached hereto as Exhibit "A" are true and correct copies of all process, pleadings and orders served upon the defendants, along with true and correct copies of each paper docketed in the state court. *See* 28 U.S.C. § 1446(a); Local Rule 1.06(b).

4.      This Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331 because the Plaintiffs have alleged claims pursuant to the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 ("RICO"), against all defendants. *See* Complaint, Counts 5 & 6.  In addition, Plaintiffs have plead, as an alleged predicate act, that the Defendants violated 18 U.S.C. § 1512 (Tampering

with a victim) and 18 U.S.C. § 1513 (Retaliating against a victim). *See* Complaint, pp. 14-15. Because the Court has original federal question jurisdiction with regard to Counts 5 & 6, the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the remaining state law claims (Counts 2-4).[1]

5.      Removal venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).[2] The Susman Defendants need not wait until the Plaintiffs file returns of service to remove this action. *See North Precision Airmotive Corp.*, 600 F. Supp.2d 1263, 1270 (M.D. Fla. 2009). The remaining defendants have not been served and the "requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *Johnson v. Wellborn*, 418 Fed. Appx. 809 (11th Cir. 2011).

6.      The Susman Defendants will promptly file a copy of this notice with the Circuit Court, Fourth Judicial Circuit, Duval County, Florida as required by 28 U.S.C. § 1446(d).

7.      By reason of the above, this matter should be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

---

[1] The Complaint contains no Count 1.

[2] Although removal venue is proper, the Susman Defendants do not concede that this Court or any court within the state of Florida has personal jurisdiction over the Susman Defendants, that service of process has been effectuated under Federal Rule of Civil Procedure 4 or that venue is appropriate anywhere within the state of Florida.

Respectfully submitted this 5th day of September, 2025.

> /s/ Cristine M. Russell
> Fred D. Franklin
> Florida Bar No.:  300578
> Email: ffranklin@rtlaw.com
> Cristine M. Russell.
> Florida Bar No.:  0157406
> Email:  crussell@rtlaw.com
> ROGERS TOWERS, P.A.
> 1301 Riverplace Boulevard, Suite 1500
> Jacksonville, FL  32207
> (904) 398-3911 – Telephone
> (904) 396-0663 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Court through the CM/ECF system and that in addition, a copy was served via email on this 5th day of September, 2025 upon the following:

Larry Klayman, Esq.
Klayman Law Group, P.A.
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
leklayman@gmail.com
*Attorneys for Plaintiff*

> /s/ Cristine M. Russell
> Attorney